IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| A.C., *a minor by through Guardian ad Litem Mark D. Ball*,<br><br>      Plaintiff,<br><br>v.<br><br>Allendale County Hospital,<br><br>      Defendant. | C/A No.  1:13-61-JMC-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

   This matter is before the court upon reference from the Honorable J. Michelle Childs, United States District Judge, pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(e) DSC.  The court held a status conference in this matter on November 5, 2013.  Concluding that the court lacks subject matter jurisdiction over the only claims remaining in this case, the court recommends that this matter be remanded to the Allendale Court of Common Pleas.

**PROCEDURAL HISTORY**

   This personal injury case was removed from state court based on the Federal Tort Claims Act ("FTCA" or "Act").  After removing the case, the defendants subject to the FTCA moved to dismiss the plaintiff's claims against them because the plaintiff had not exhausted his remedies as required under the Act.  By order entered January 30, 2013, Judge Childs granted the federal defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Order, ECF No. 14) (citing McNeil v. United States, 508 U.S. 106 (1993)). There then remained pending before the court only the plaintiff's state law medical negligence claim against Defendant Allendale County Hospital.

Following referral to the assigned magistrate judge,[1] the court scheduled a status conference, *sua sponte* raising the issue of subject matter jurisdiction and directing the parties[2] to be prepared to address whether the court had subject matter jurisdiction over the plaintiff's non-diverse state law claim against the Hospital. After hearing oral argument from the parties, the court concludes it lacks subject matter jurisdiction over the remaining claim and that remand is required.

## DISCUSSION

As held by Judge Childs, the FTCA requires a plaintiff to "exhaust administrative remedies prior to instituting litigation against the United States for money damages under the circumstances of this case." (Order, ECF No. 14) (citing 28 U.S.C. § 2675(a)). Controlling precedent holds that a plaintiff's failure to follow those statutory exhaustion requirements deprives a federal district court of subject matter jurisdiction over an FTCA claim. See Plyler v. United States, 900 F.2d 41 (4th Cir. 1990); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Accordingly, Judge Childs dismissed the plaintiff's FTCA claim, the only claim in the Complaint that would have triggered the court's limited original jurisdiction, for lack of subject matter jurisdiction.

Although a court may in certain circumstances exercise supplemental jurisdiction over a non-diverse state law claim under 28 U.S.C. § 1367, supplemental jurisdiction does not attach when the court lacked subject matter jurisdiction over the claim that purports to invoke the court's original jurisdiction. In other words, when a district court dismisses federal claims for lack of subject matter

---

[1] This matter was referred after Judge Childs granted the plaintiff's attorney's motion to be relieved as counsel, rendering the plaintiff self-represented. Local Rule 73.02(B)(2)(e) DSC.

[2] Mark D. Ball, who was appointed in the state court as A.C.'s guardian *ad litem*, attended the status conference. Mr. Ball, although a member of the Bar, is self-represented in his capacity as A.C.'s guardian *ad litem* following Judge Childs's order relieving counsel Edward L. Graham, Esquire.



jurisdiction, there was never a valid claim to which the state claims could be considered supplemental, and dismissal of the state claims is also required. Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 291 n.25 & 292 (4th Cir. 2013) (citing Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011)). In Crosby, the United States Court of Appeals for the Fourth Circuit indicated that when federal claims are susceptible to dismissal solely for lack of subject matter jurisdiction, the court's discretionary exercise of supplemental jurisdiction over state law claims is improper. See Crosby, 635 F.3d at 644; see also Stratton, 521 F. App'x at 292 ("Because the federal district court lacked subject matter jurisdiction over the alleged federal claims, its dismissal of those claims pursuant to Rule 12(b)(1) was proper, and its concurrent dismissal of the state law claims was *mandated*.") (emphasis added).

Accordingly, the Hospital's argument for the discretionary exercise of supplemental jurisdiction over the plaintiff's state law claim must fail, as remand is mandated in these circumstances.

### RECOMMENDATION

The court lacks subject matter jurisdiction over the only remaining claim in this case and § 1367 does not permit the court to exercise supplemental jurisdiction over this claim. The court therefore recommends that this case be remanded to the Allendale Court of Common Pleas.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 5, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).